UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JARED MICHAEL ARABIE AND AMANDA ARABIE | DOCKET NO.: |
| VERSUS | JUDGE: |
| WARREN POWER & MACHINERY INC., IROCK CRUSHERS, LLC AND BLATTNER ENERGY, LLC | MAG. JUDGE: |
| | JURY TRIAL REQUESTED |

**ORIGINAL COMPLAINT**

The complaint of JARED MICHAEL ARABIE, (hereinafter "JARED ARABIE") and AMANDA ARABIE, a married couple who are both residents and domiciliaries of Evangeline Parish, Louisiana, respectfully represent that:

**A. Parties**

1.

Complainant, JARED ARABIE, is an individual resident of Louisiana bringing suit for damages he suffered in an accident on May 14, 2021. Complainant, AMANDA ARABIE, is the spouse of JARED ARABIE and an individual resident of Louisiana, and brings this suit for loss of consortium, loss of services, and loss of earnings due to injuries suffered by her husband on May 14, 2021.

2.

Made defendants herein are:

**WARREN POWER & MACHINERY, INC.** (hereinafter "Warren") a foreign corporation doing business within the state of Louisiana, incorporated under the laws of the state of Delaware and whose principal place of business is 3809 South Farm to Market Road 1788, Midland, Texas; and

**IROCK CRUSHERS, LLC**, (hereinafter "IROCK") a foreign limited liability company doing business within the state of Louisiana, who, upon information and belief, is a limited liability company formed under the laws of the state of Delaware, with its company headquarters and its principal place of business located at 5531 Canal Road, Valley View, Ohio and whose sole owner and president is Kenneth E. Taylor, 3993 East Royalton Road, Broadview Heights, Ohio; and

**BLATTNER ENERGY, LLC,** (hereinafter "Blattner") a foreign limited liability company doing business within the state of Louisiana, who, upon information and belief, is a limited liability company formed under the laws of the state of Minnesota, with its company headquarters and its principal place of business in Avon, Minnesota. Blattner Holding Company, LLC is the sole member of Blattner Energy, LLC. Blattner Holding Company, LLC is a limited liability holding company formed under the laws of the state of Minnesota with its headquarters and principal place of business in Roseville, Minnesota. Quanta Infrastructure Solutions Group, LLC, (formally known as Quanta Electric Power Services, LLC/Quanta Electric Power Construction, LLC) is the sole member of Blattner Holding Company, LLC. Quanta Infrastructure Solutions Group, LLC is a limited liability company formed under the laws of the state of Delaware with its company headquarters and principal place of business in Houston, Texas, which is where the company's officers direct, coordinate, and control its business operations, and whose principal place of business is 2800 Post Oak Boulevard, Suite 2600, Houston, Texas,

(hereinafter collectively referred to as "Defendants") who are all justly and truly indebted unto Complainants, jointly and in solido, for the following reasons, to-wit:

3.

This is a claim for damages arising out of an incident which occurred on May 14, 2021 near Ozona, Texas. On that date, Complainant, JARED ARABIE, suffered serious injuries while attempting to unchoke the blow bars of an IROCK TC-20 Track Crusher Machine.

**B. Jurisdiction**

4.

This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because this matter involves complete diversity between Complainants and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs. The Defendants all engage in and transact business within

the State of Louisiana and have purposefully availed themselves of the privileges and benefits of conducting business in Louisiana.

### C. Facts

5.

On the date of the incident sued upon, Complainant was employed by a construction company by the name of Ag-Con., LLC. Ag-Con, LLC (hereinafter, "Ag-Con") is a construction company from Eunice, Louisiana.

6.

Defendant, Blattner, is a company who had a contract to construct a number of wind turbines in and around Ozona, Texas. In order to fulfill its contractual obligations, Blattner entered into a number of sub-contracts with different companies to assist in the construction of these wind turbines. One of the companies hired by Blattner on this wind turbine construction project was Ag-Con. On or about January 7, 2021, Blattner entered into a contract with Ag-Con to crush foundation back fill material for the wind turbine construction project.

7.

In order to crush the backfill material on the wind turbine construction project, Ag-Con leased an IROCK TC-20 Track Crusher Machine from Defendant, Warren. The IROCK TC-20 Track Crusher Machine leased by Warren to Ag-Con was manufactured by Defendant, IROCK. As part of its lease agreement with Ag-Con, Warren agreed to provide training to Ag-Con on how to safely operate the IROCK TC-20 Track Crusher Machine. The training on how to safely operate the rock crusher was inadequate. Despite requests from Ag-Con for training manuals and operation manuals, none were provided. Employees of Ag-Con did their best to operate the

IROCK TC-20 Track Crusher Machine with the limited instruction provided by Warren and IROCK.

8.

From the beginning of the project, Ag-Con had numerous mechanical problems with the IROCK TC-20 Track Crusher Machine. The rotary crushing bars and the conveyor system on the IROCK TC-20 Track Crusher Machine frequently jammed, causing the rock crusher machine to shut down. Efforts by Warren to repair the rock crusher were mostly unsuccessful. As a result of numerous mechanical failures of the rock crusher machine, Ag-Con's progress on the wind turbine project was delayed.

9.

As the project progressed, Defendant, Blattner, exerted pressure on Ag-Con to work longer hours which resulted in fatigue of employees and unsafe working conditions. As a result of pressure from Blattner during the project, employees of Ag-Con began working at night and often worked eighteen (18) hours per day for seven (7) days per week. Since Ag-Con employees were forced by Blattner to work nights, Ag-Con requested that Blattner provide additional lighting to allow for safer operations at night. No such lighting was provided by Blattner. With poor lighting at night, it resulted in the rock crusher getting jammed due to difficulty in seeing the size and/or quantity of rocks being fed in the rock crusher.

10.

On the night of May 14, 2021, Complainant was assigned as one of the people to operate the IROCK TC-20 Track Crusher Machine. During operations, the blow bars in the crushing chamber became jammed. It is alleged that the blow bars became jammed due to the poor lighting and fatigue of the people operating the crusher that night. In order to unjam the blow bars, it was

necessary for Complainant and a co-worker to enter the crushing chamber of the machine and stand on the blow bars attached to the rotary in the crushing chamber. Complainant and his co-worker stood on the rotary and cleared the rocks which were jamming the rotary. The rotor on which they were standing rotated and Complainant and his co-worker fell between the rotary and the adjacent wall to the rock conveyor belt below the rotary. Complainant and his co-worker fell onto the moving conveyor belt and were both dumped off of the end of the conveyor belt to the rock pile below. As a result of this incident, Complainant suffered severe and disabling injuries.

### D. Strict Liability

11.

Defendants are strictly liable for the damages suffered by Complainants. It is alleged that the IROCK TC-20 Track Crusher Machine utilized on the job, and their component parts, were unreasonably dangerous and defectively designed, manufactured, marketed, assembled, sold, leased or otherwise placed in the stream of commerce by Defendants in one or more of the following non-exclusive ways:

   a)   Designing a rock crusher that required operators to enter the rock crushing chamber to clear rocks jamming the rotary and blow bars;

   b)   Designing a rock crusher without an interlocking device to shut down the entire machine when the crushing chamber is entered by an operator;

   c)   Designing a rock crusher without a locking pin to keep the rotary from moving without the locking pin lining up with the moving rotary in order to work as intended;

   d)   Failing to provide adequate instruction and/or warnings on how to prevent jamming of the rotor of the rock crusher;

    e)    Failing to provide adequate instruction and/or warnings on how to safely clear a rotary which has become jammed during use;

    f)    Failing to provide adequate warnings and/or instructions on what lockout procedures should be followed by an operator attempting to clear a jammed rotary on the rock crusher;

    g)    Failing to provide adequate warnings and/or instruction on how to prevent the rotary of the rock crusher from jamming; and

    h)    Any and all other wrongful conduct in the design, manufacture and/or marketing of the IROCK TC-20 Track Crusher Machine and component parts for the job.

Because Defendants' conduct was a producing and proximate cause of Complainants' injuries and damages, Defendants are strictly liable for Complainants' injuries and damages.

12.

Complainants allege that Warren exercised substantial control over the content of the warning and/or instruction that accompanied the IROCK TC-20 Rock Crusher Machine, that the warning and/or instruction was inadequate and that the Complainant's harm resulted from the inadequacy of the warning and/or instruction.

### E. Negligence

13.

Defendants had a duty to exercise ordinary care and breached that duty and were negligent in one or more of the following non-exclusive ways:

    a)    Negligently designing a rock crusher that required operators to enter the rock crushing chamber to clear rocks jamming the rotary and blow bars;

b)  Negligently designing a rock crusher without an interlocking device to shut down the entire machine when the crushing chamber is entered by an operator;

c)  Designing a rock crusher without a locking pin to keep the rotary from moving without the locking pin lining up with the moving rotary in order to work as intended;

d)  Negligently failing to provide adequate instruction and/or warnings on how to prevent a jamming of the rotor of the rock crusher;

e)  Negligently failing to provide adequate instruction and/or warning on how to safely clear a rotary which has become jammed during use;

f)  Negligently failing to provide adequate warnings and/or instructions on what lockout procedures should be followed by an operator attempting to clear a jammed rotary on the rock crusher;

g)  Negligently failing to provide adequate warnings and/or instruction on how to prevent the rotary of the rock crusher from jamming;

h)  Negligent exercise of control by Blattner over the work of Ag-Con which resulted in unsafe working conditions including working excessive hours, failing to provide adequate lighting and other acts of misconduct which resulted in excessive jamming and breakdown of the IROCK TC-20 Track Crusher Machine in use at the time of the accident.

i)  Negligent undertaking by Blattner in exercising control and supervision of the work of Ag-Con and failing to exercise reasonable care in the supervision of the work performed by Ag-Con;

j) Negligent misrepresentation in representing that the IROCK TC-20 Track Crusher Machine could be safely utilized for the job and for not obtaining and communicating the information needed for the job to be safely performed by Ag-Con and its employees;

k) Failing to do what should have been done to prevent the accident sued upon; and

l) Any and all other acts of negligence that caused Complainants' injuries and damages.

Each of these acts and/or omissions constitute negligence and negligent activity and are the proximate cause of the accident and Complainants' injuries and damages.

### F.  Respondent Superior

14.

Complainants allege that Blattner is vicariously liable for any negligence of Ag-Con since it exercised sufficient control over the work of Ag-Con on this job and did not exercise reasonable care in the control of its work.  The failure of Blattner to exercise its control with reasonable care is the proximate cause of the accident and Complainants' injuries and damages.

### G.  Breaches of Warranty

15.

Defendant, Warren, is liable to Complainants for breaches of expressed and implied warranties under the law.  Warren made representations about the quality and/or characteristics of the goods and services they provided.  Warren breached these warranties because the goods and services provided did not comply with the quality and/or characteristics of the goods and services as represented.  Warren also had knowledge that the goods and services they provided were for a particular purpose and breached the implied warranty of fitness for a particular purpose by

providing goods and services that were unfit for that particular purpose. Warren also breached the implied warranty of merchantability by selling goods that were unmerchantable. These breaches of warranty were a proximate cause of Complainants' injuries and damages. Complainants are entitled to recover reasonable attorney's fees under the applicable law.

### H. Deceptive Trade Practices

16.

The breaches of warranties described above and incorporated by reference herein violated the Texas Deceptive Trade Practices Act ("DTPA"). Warren also violated the DTPA by engaging in false, misleading, or deceptive acts or practices that Complainant relied on to his detriment, including, but not limited to, representing that goods or services had characteristics, uses, or benefits they did not have, and representing that goods or services were of a particular standard, quality, or grade when they were not. Warren also violated the DTPA by engaging in an unconscionable action, or course of action that, to Complainant's detriment, took advantage of his lack of knowledge, ability, experience, or capacity to a grossly unfair degree. Warren's wrongful conduct was a producing cause of Complainant's injuries and damages. Complainant is also entitled to recover treble damages and reasonable attorney's fees under Section 17.50 of the Texas Business & Commerce Code.

### I. Damages

17.

The negligence and other wrongful acts and omissions of Defendants were the proximate and/or producing cause of Complainant, JARED ARABIE's, injuries, which include ankle, neck, left shoulder and left hip surgery, along with additional issues with his left knee and right shoulder, extended inpatient medical treatment at multiple hospitals, and severe emotional distress which

Complainants are entitled to recover damages. Complainant, JARED ARABIE, is entitled to damages for: past and future physical pain and suffering, past and future mental anguish and suffering, past and future disfigurement, past and future physical impairment, past and future medical expenses, past and future loss of earnings and loss of earning capacity, past and future loss of enjoyment of life, and past and future loss of household services. Complainant, AMANDA ARABIE, the spouse of JARED ARABIE, is entitled to damages for past and future loss of consortium, past and future loss of services, and past and future loss of income she has suffered while caring for her husband. Complainants seek unliquidated damages in an amount that is within the jurisdictional limits of the Court.

## J. **Exemplary Damages**

18.

Complainants also seek exemplary damages under Chapter 41 of the Texas Civil Practice & Remedies Code and/or under applicable Texas law.

## K. **Prayer**

19.

For these reasons, Complainants ask that Defendants be cited to appear and answer and that Complainants have judgment against Defendants for the following damages:

    a.    Physical pain and suffering in the past and future;

    b.    Mental anguish and suffering in the past and future;

    c.    Disfigurement in the past and future;

    d.    Physical impairment in the past and future;

    e.    Loss of enjoyment of life in the past and future;

    f.    Medical expenses in the past and future;

  g. Loss of earnings and loss of earning capacity in the past and future;

  h. Loss of consortium in the past and future;

  i. Loss of household services in the past and future;

  j. Actual damages;

  k. Exemplary damages;

  l. Treble damages;

  m. Attorney's fees;

  n. Costs of suit;

  o. Prejudgment and post judgment interest; and

  p. All other relief, in law and equity, to which Complainants may be entitled.

Complainant is entitled to trial by jury and hereby requests trial by jury on all issues so triable.

WHEREFORE, the Complainants, JARED MICHAEL ARABIE and AMANDA ARABIE, pray that after due proceedings, there be judgment in their favor and against Defendants, WARREN POWER & MACHINERY, INC., IROCK CRUSHERS, LLC and BLATTNER ENERGY, LLC, declaring that said Defendants are liable to Complainants for damages together with interest from date of judicial demand until paid and for all costs of these proceedings. Complainants also pray for trial by jury on all issues so triable. Complainants further pray for all general and equitable relief.

Respectfully submitted,

BROUSSARD & DAVID, LLC

/s/ J. Derek Aswell
Blake R. David (Bar Roll # 27427)
J. Derek Aswell (Bar Roll #32324)
Post Office Box 3524
Lafayette, Louisiana 70502-3524
(337) 233-2323 - Telephone
(337) 233-2353 – Fax
Email: derek@broussard-david.com

**ATTORNEYS FOR COMPLAINANTS, JARED MICHAEL ARABIE and AMANDA ARABIE**